IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHAEL SMITH** | **CIVIL NO. 1:23-cv-1631** |
| Plaintiff, | |
| v. | SECTION: |
| **CITY OF PINEVILLE, LOUISIANA** | JUDGE: |
| Defendant. | MAGISTRATE: |

**COMPLAINT AND
REQUEST FOR JURY TRIAL**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **MICHAEL SMITH**, a person of the age and majority, who respectfully represents that:

1. **CITY OF PINEVILLE** (hereinafter "**PINEVILLE**"), a political subdivision of the State of Louisiana within Rapides Parish, is made Defendant herein, and is justly and truly indebted to Plaintiff for past loss of wages, damages, penalties, and attorneys' fees as are reasonable, together with interest thereon from date of judicial demand until paid, and for all costs of this proceeding, for the following reasons.

**INTRODUCTION**

2. This action is under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race by **PINEVILLE** and provide appropriate relief to Plaintiff, **MICHAEL SMITH**, who previously worked for Defendant from October 2018 through August 2022.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under Title VII of the Civil Rights Act, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) in that the claim arose in the Western District of Louisiana, because Plaintiff was employed in the Western District of Louisiana and Plaintiff conducted the work for which he was employed by PINEVILLE in the Western District of Louisiana.

## PARTIES

5. Plaintiff, **MICHAEL SMITH**, is a person of the age of majority. At all relevant times, Plaintiff was a resident of Rapides Parish. At all relevant times, Plaintiff was, but is no longer, an employee of Defendant, as defined in 42 U.S.C. § 2000e-5(f)(1) *et seq.*, working as a Utility Technician for approximately four years.

6. At all relevant times, Defendant was doing business in the State of Louisiana and had at least fifteen employees.

7. At all times material hereto, Plaintiff was employed by Defendant PINEVILLE and Defendant was engaged in an industry affecting commerce under Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

8. On April 11, 2023, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

9. On October 12, 2023, Plaintiff was issued a Notice of Right to Sue from the EEOC. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under 42 U.S.C. §§ 12101 *et seq*.

## FACTS

10. Plaintiff began working for Defendant in October 2018 through the temp agency Remedy Staffing as a Utility Technician for sewer pump maintenance. His rate of pay while employed through Remedy Staffing was $7.25 per hour.

11. Plaintiff was told by PINEVILLE that a policy was in place of hiring new technicians through the temp agency for at least three months before they were hired on directly as a city employee. Plaintiff was also told by PINEVILLE that a policy was in place not permitting temp agency employees to receive overtime pay. The overtime policy for PINEVILLE employees was no more than five hours per week.

12. On March 4, 2019, PINEVILLE directly hired Plaintiff as a Utility Technician at the rate of $11.31 per hour.

13. PINEVILLE employed three Utility Technicians: Plaintiff, a black male; Joey Clarius, a white male; and Roy Scroggs, a white male.

14. Because there were only two sewer pump maintenance technicians, the overtime policy was not enforced. Plaintiff and Joey Clarius would alternate weekends on-call in which they would receive and service all sewer pump problems that were called in, drive the company truck over the weekend, and receive overtime pay.

15. Joey Clarius's nephew, a white male named Codie Bond, was hired directly by PINEVILLE as a Utility Technician and was not required to go through the temp agency.

16. In July 2022, PINEVILLE informed Plaintiff that he was exceeding the overtime policy and his overtime would be taken away. Plaintiff was never provided with a written overtime policy or employee handbook.

17. In July 2022, Joey Clarius began taking all weekend service calls and receiving all the overtime pay opportunities.

18. Plaintiff complained of differential treatment between himself and the white employees regarding temp agency staffing requirements and overtime pay allowance to his supervisor,

Hugh Halle, and Brenda Colson in the Human Resources Department. No action was taken by PINEVILLE in response to Plaintiff's complaint.

19. Plaintiff's overtime opportunities were not returned to him, and he began using his accrued vacation days.

20. In July 2022, Plaintiff put in a written request off with Hugh Halle for vacation that was approved.

21. Plaintiff then texted Hugh Halle while he was out on vacation to take off additional days using his vacation time, and Hugh Halle responded with approval. Plaintiff took work calls while using his accrued vacation time, and he remained in communication with PINEVILLE.

22. On August 12, 2022, Plaintiff received an email from Brenda Colson terminating his employment effective Monday August 15, 2022 due to excessive absences.

## COUNT ONE

## Racial Discrimination and Retaliation in Violation of Title VII of the Civil Rights Act 42 U.S.C. § 2000e-2(a).

23. Plaintiff repeats and realleges paragraphs 1 through 22, as if fully set forth herein.

24. Defendant PINEVILLE has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act by subjecting Plaintiff to a hostile work environment based on race by providing differential treatment to Utility Technicians in the form of only providing direct employment and overtime opportunities to white employees.

25.  Defendant did not take action to prevent the discrimination and took no remedial action after becoming aware of the discrimination.

26. Defendant terminated Plaintiff in retaliation for complaining about discriminatory hiring and employment practices, an unlawful employment practice under 42 U.S.C. § 2000e-3(a).

27. The unlawful employment practices complained of were intentional.

28. Defandant acted with malice and/or reckless indifference to the federally protected rights of Plaintiff when it engaged in the unlawful employment practice complained of above.

29. Plaintiff suffered damages because of Defendant's unlawful discriminatory actions, including extreme emotional distress, past and future lost wages and benefits, harm to his professional reputation, and the costs of bringing this action.

## COUNT TWO

### Racial Discrimination in Violation of La. Rev. Stat § 23:332 et seq.

30. Plaintiff repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth herein.

31. Plaintiff has been intentionally discriminated against in the conditions of employment and his discharge based on his race.

32. Plaintiff suffered damages because of Defendant's unlawful actions, including monetary losses, emotional distress, past and future lost wages and benefits and the costs of bringing this action.

33. Defendant willfully violated Plaintiff's rights under Title VII of the Civil Rights Act and Louisiana's counterpart, and, as a result, is liable for back pay, pain and suffering damages, statutory penalties and reimbursement of attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Award Plaintiff for past lost wages and benefits, plus interest;

B. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

C. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

D. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: November 17, 2023
New Orleans, Louisiana

        Respectfully submitted,

        **BUSINESS LAW GROUP, LLC**

        By: */s/ Amanda Butler*
        Amanda J. Butler (T.A.) (Bar No.31644)
        Megan W. Kelley (Bar No.37189)
        abutler@lawgroup.biz
        900 Camp Street, Suite 450 (Physical)
        New Orleans, Louisiana 70130
        3436 Magazine Street, #8012 (Mailing)
        New Orleans, LA 70115
        Telephone: (504) 446-6506
        **Counsel for Plaintiff, Michael Smith**